James A. Murphy, Jr. Esq. Town Attorney, Greenfield
Based upon your letter and a telephone conversation with this office, you ask whether a town board is authorized to conduct an investigation at the town's expense into allegations of misconduct raised against the town highway superintendent by an employee of the highway department for the purpose of determining whether a proceeding under Public Officers Law, § 36 for the removal of the superintendent should be commenced, and if so, what procedure should the board follow in the event it determines that there is merit to these allegations.
Public Officers Law, § 36 provides for the removal of a town highway superintendent by the Supreme Court for misconduct, malfeasance or malversation in office upon the application and at the expense of "any citizen resident" of the town or the district attorney of the town's county (Public Officers Law, § 36; 1979 Op Atty Gen [Inf] 257; 1978id. 197; 1977 id. 166). In previous opinions of this office, we noted that the statute by its terms does not apply to a town board and therefore does not authorize a board to commence a removal proceeding or pay for the expense of that proceeding (1979 id. 257; 1978 id. 197,supra). Under former Highway Law, § 160, town boards were authorized to commence removal proceedings against highway superintendents and to expend town funds for that purpose, but the boards were divested of those powers upon the repeal of section 160 by chapter 183 of the Laws of 1981 (L 1981, ch 183; Memorandum dated May 28, 1981 to John G. McGoldrick, Counsel to the Governor from the Department of State, in relation to Assembly Int 5745, enacted as ch 183 of the Laws of 1981).
We are of the opinion that, as a result of the repeal of Highway Law, § 160, a town board is without authority to investigate allegations of misconduct raised against a town highway superintendent preliminary to formal removal proceedings or to expend town funds for that purpose. The repeal of section 160 represents a legislative determination that the removal of a highway superintendent is neither a town function nor a town expense (L 1981, ch 183). We believe that the responsibility for determining whether a removal proceeding under Public Officers Law, § 36 should be commenced, as well as for conducting an investigation necessary to that determination, lies with the "citizen resident" or the district attorney authorized to commence the proceeding, not with the town board (Public Officers Law, § 36; L 1981, ch 183).
We note that individual members of the board, in their capacity as citizen residents of the town, may undertake an investigation of the allegations at their own expense and, if warranted, may commence a removal proceeding (1978 Op Atty Gen [Inf] 197). In addition, the board may adopt a resolution based upon the preliminary information received requesting the district attorney to investigate these charges, but the district attorney has discretion whether to exercise his jurisdiction over this matter (ibid.).
We conclude that a town board is not authorized to conduct an investigation into allegations of misconduct raised against the town highway superintendent for the purpose of determining whether a proceeding under Public Officers Law, § 36 for the removal of the superintendent should be commenced.